UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WILLIAM MARTINEZ and
MARIA MARTINEZ,

    Plaintiff,

v.                                                                Case No.: 8:18-cv-263-T-36AAS

QBE SPECIALTY INSURANCE
COMPANY,

    Defendant.
_____/

## ORDER

The parties appeared for a hearing on QBE Specialty Insurance Company's ("QBE") motion to compel William Martinez and Maria Martinez to provide better responses to discovery requests (Doc. 32) and for a protective order as to the deposition of QBE's corporate representative (Doc. 31). Both motions are opposed. (Docs. 34, 35). For the reasons stated on the record at the hearing,

    (1)    QBE's Motion for Compel Better Responses to Discovery Requests (Doc. 32) is **GRANTED**. The Martinezes must provide QBE with amended responses to QBE's request for admissions nos. 4, 6, 9, 12, and 15 by **November 30, 2018**, unless an alternative date is agreed to by the parties.

    (2)    QBE's Motion for Protective Order (Doc. 31) is **GRANTED IN PART AND DENIED IN PART**, as follows:

        (i)    Area of Inquiry No. 2 must be amended to specify the documents that are subject to inquiry.

1

(ii) Area of Inquiry Nos. 6 and 9 are appropriate, given their emphasis on factual support (as opposed to the interpretation or meaning of policy provisions).

(iii) Area of Inquiry Nos. 10 and 11 are limited to the period from 2013 through July 6, 2017.

(iv) Area of Inquiry No. 12 is relevant and proportional. Consistent with Rule 30(b)(6), the corporate representative, however, only must testify concerning information that is known or reasonably available to QBE.

(v) Area of Inquiry No. 13 is limited to QBE's knowledge of sinkhole activity within a one-mile radius of the subject property before and during the policy period.

(vi) Although Area of Inquiry No. 14 is relevant and proportional, QBE asserts there is no underwriting file for the type of insurance at issue.

(vii) Area of Inquiry Nos. 15, 16, and 19 are limited to discovery concerning factual support as opposed to the interpretation or meaning of policy provisions.

(viii) Document Request No. 1 is relevant and proportional to the claims or defenses in this case. However, the request is limited to information in QBE's possession, custody, or control.

(ix) Although Document Request No. 9 is relevant and proportional to

the claims in this case, QBE asserts there is no underwriting file for the type of insurance at issue.

    (x)    Document Request No. 10 is relevant and proportional to the claims or defenses in this case. In response to QBE's work product objection, if otherwise responsive documents are withheld as privileged, a privilege log must be produced.

    (xi)    Document Request No. 11 is a relevant and proportional to the claims or defenses in this case.

    (xii)    The parties must further meet and confer as to Document Request Nos. 12 and 13. At a minimum, QBE must provide the total number of times SDII Global Corporation was hired by QBE from 2013 through July 6, 2017, and how much SDII Global Corporation was paid for that work. Whether additional documentation must be produced will depend on a balancing of the burden on QBE in comparison with the likely benefit to the Martinezes.

    (xiii)    Document Request No. 16 is limited to any existing documents listing sinkhole activity within a one-mile radius of the subject property before and during the policy period.

(3)    Each side will bear its own attorney's fees and costs incurred in connection with the motions. *See* Fed. R. Civ P. 37(a)(5)(A)(i).

**ORDERED** in Tampa, Florida on November 16, 2018.

_____
AMANDA ARNOLD SANSONE
United States Magistrate Judge